## SMITH v. CORUM.

Court of Appeals of Kentucky.

April 23, 1954.

Rehearing Denied June 18, 1954.

T. T. Burchell, Manchester, Lewis & Weaver, London, Sampson B. Knuckles and Hiram H. Owens, Barbourville, for appellant.

Lyttle & White, Manchester, for appellee.

STANLEY, Commissioner.

The conflicting claims to a small parcel of land arise from the uncertainty of a corner and the boundary line leading from it. George Corum, plaintiff, upon sufficient allegations as to title, charged the defendant, Tip Smith, with having moved a fence to take in the parcel beginning at a point 125 to 130 feet from the actual corner. He sought possession and an injunction. The defendant pleaded his rights and sought appropriate relief. The court first entered judgment for the defendant in December, 1947, but set it aside for the taking of further proof. Then in December, 1951, judgment was rendered for the plaintiff. The defendant's motion to set it aside that he might take further proof held it in abeyance. In December, 1952, the motion to set aside the judgment was overruled and the judgment for the plaintiff was made final.

Elkan Wilson was the common grantor. His deed to J. C. Asher of the part of his land now owned by the plaintiff, Corum, dated November 9, 1911, called for a line from a "large rock on Goose Creek which has had a blast put in it." The rock is further identified as being "at the upper end of the sand bottom." The line ran "thence down Goose Creek to a large elm on the bank of Ginny Hole and crossing the county road and up the point below Wilson's barn to a small white oak marked with three marks with a knife." Asher's deed to Corum contains the same description. In Wilson's conveyance of the adjoining tract to Steve Isom 18 years later, in 1929, the description of the dividing line is merely "thence with Asher's line to the beginning." This was carried through deeds from Isom to Wood to Smith. The court, therefore, had to locate the line as described in the Asher deed.

There is proof that there were once two elm trees at or near Jenny Hole (as it is called in other deeds and the record) of Goose Creek and white oaks between both of those trees and a chestnut on top of the ridge, conceded to be a corner. But the evidence of older witnesses is that the tree claimed by Corum on or near the bank of Jenny Hole was so large (about 3 feet in diameter) that it was outstanding. It appears to have been as familiar as the "spreading chestnut tree" of the Village Blacksmith. Jenny Hole was a favorite fishing and swimming place. The tree had been cut down and the stump was decayed or burned out leaving only a big hole to mark its existence. The defendant introduced evidence that there was another elm at the point he claims, some 125 feet from the big one, but other witnesses say there was none there in 1911, although one has since grown up and is now 10 or 12 inches in diameter. Undoubtedly, the course of the creek has changed its bank and shifted the boundary and size of Jenny Hole so that the site of the Corum tree is now several yards from the water. There is conflict in the evidence also concerning the two white oaks on the respective lines. The bark came off the oak claimed by Corum, and it is dead but still standing. It is not too clearly shown that the other was or is marked as a boundary line.

The best evidence in the record is that of John Asher. He knew more about the location than anybody else. He testified that when he bought the Corum land from Wilson in 1911 they spotted the big elm and marked the oak with three marks and made the conveyance accordingly. He is very clear and explicit that the line claimed by Corum is the correct one. The appellant, Smith, lays stress on the fact that the line he claims is much straighter between the marked rock on the other side of the creek and the chestnut on the ridge; also that his tree is at the mouth of a drain. These facts, he says, indicate that the line he claims is more likely to be the true one. Both lines have broad obtuse angles at the respective oaks. There is no reference at all in the record to the line being straight or to the drain, and the argument rests on suppositions.

Smith pleaded adverse possession. He claims Corum's deed from Asher is champertous and therefore void. It may be noted that Smith acquired his land in 1929 but did not undertake to build a fence on the line until 1946, just before this suit was instituted. He testified that he had corned the disputed area but the evidence is too indefinite as to the time and the specific part to establish adverse possession, or any actual possession.

We have gone through the record carefully. There are some relative minor items of topography that tend to support the appellant's claim, but the stronger and more persuasive evidence sustains that of the appellee.

The judgment is affirmed.

COMBS, J., not sitting.